PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOAQUÍN IRIZARRY CANDELARIA, Defendant and Appellant. SAME *v.* SAME.

Nos. 6009 and 6010. Argued December 17, 1936.—Decided December 22, 1936

*Francisco Vizcarrondo* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The district attorney filed two separate informations against Joaquín Irizarry Candelaria for violation of Section 328, as amended, of the Penal Code. In case no. 6009 it is alleged that the said defendant, while driving an automobile on the public highway leading from Santurce to Carolina, did so in such a manner that for lack of skill, gross negligence and carelessness, consisting in travelling at an excessive speed, greater than that permitted by law and not reducing it upon meeting another vehicle; in unlawfully carrying several persons standing on the running board of the vehicle; and in having imbibed an intoxicating alcoholic beverage, allowed the automobile he was driving to collide with another which was standing on the right side of the highway and facing in the opposite direction, causing breakage of the left running board of his car on which stood Pedro Reus López de Victoria, who suffered injuries so serious as to cause his death. In case no. 6010 he is alleged to have caused the death of Francisco J. Corbella Volckers in the same manner.

After the jury trial of both cases had begun the defendant withdrew his plea of not guilty and pleaded guilty. The jury returned a verdict of guilty in each case and the court sentenced the defendant to a year in jail for each offense. The defendant appealed from both judgments. Since the cases are identical we shall decide them in a single opinion.

764

■ The defendant-appellant assigns the following as the only error committed by the court:

"The District Court erred in finding the defendant guilty of violation of Section 328 of the Penal Code, as amended, because the said judgment is contrary to law."

The argument made in the appellant's brief may be condensed as follows:

That the defendant alleged his innocence; that at the trial his attorney advised him to plead guilty, promising him that if he aided the administration of justice, he would be given an insignificant sentence; that the attorney erred in respect to the statute, Section 328 of the Penal Code; that the defendant yielding to the insistence of his attorney, pleaded guilty; that the defendant has a good defense and the firm conviction that if the trial had been held the jury would have found him not guilty; and that the best proof that the judgment is contrary to law is found in the following paragraph of the opinion by the trial judge:

"In this case there exists the special circumstance that the mother of one of the deceased, the youth Pedro Reus y López de Victoria, has written a very moving letter to this judge, asking for leniency for this defendant in the name of her dead son and of his relatives, because she feels that he has pardoned him and realizes that he was partly to blame, because he knew the danger he invited by the manner in which he was holding to the car."

The appellant requests that the judgments of the lower court be reversed and that a new trial be ordered in each case. In support of this request the attorney who represents the appellant before this court has presented an "Affidavit of Merits" signed by the attorney "who represented" the defendant at the trial. In the affidavit the attorney states "that he instructed his client to plead guilty, under the impression that the crime of which he was accused carried a maximum sentence of two years in jail and that the court, in view of his plea of guilty, would sentence him to one or two months in jail; that the defendant objected to pleading

guilty because he considered that he had no criminal responsibility in the events giving rise to the informations; that the sentence of the lower court was a surprise to the declarant because he did not know of the amendment which had been made to Section 328 of the Penal Code; and that 'the declarant knows in good faith that the defendant-appellant had a good defense, the merits of which would have justified a verdict of not guilty by the jury'.''

The error assigned is absolutely groundless and entirely frivolous. A judgment cannot be contrary to law unless it is based on an information which is deficient in its allegations, or unless the court, when rendering the judgment or during the proceedings prior thereto, has committed some error prejudicial to the rights of the defendant, or unless the court has no jurisdiction to render it or has acted beyond its powers.

In the instant case, the defendant, upon pleading guilty of the crime of which he was accused, admitted the sufficiency and the truth of the allegations of the information. It does not appear that the court committed any error during the prosecution of the case. Once the defendant had pleaded guilty and the jury had returned the verdict it was the obligation of the court to impose the punishment. In accordance with the statute violated by the defendant, the court could have sentenced him to five years in the penitentiary in each case; but, taking into account the plea of guilty, the previous good conduct of the defendant and the prayers of the mother of one of the victims, the court sentenced him to only one year in jail in each case. The punishment of one year in prison for violation of a law which resulted in the death of a human being cannot be considered excessive. If counsel for the defendant made a mistaken prediction in speculating on the sentence which the court would impose if the defendant pleaded guilty, this is not an error which may be attributed to the trial court or which may be considered as a ground for reversal.

The "Affidavit of Merits" presented in this case has no merit. Ignorance of the law on the part of the defendant is not admissible as a defense in any case. And still less admissible must it be when such ignorance is imputed to or accepted by the attorney for the defense. The administration of justice would be reduced to a simple farce, if in order to obtain the reversal of a judgment and the holding of a new trial it were sufficient to allege that the attorney for the defense went to trial and advised his client to plead guilty, without even ascertaining the provisions of the statute which the defendant was accused of violating.

The judgment is affirmed in both cases.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.